REQUESTED BY: Donald Leuenberger State Tax Commissioner
QUESTION 1: May the landlord of a building, rented to an organization licensed to conduct Bingo, conduct a gift enterprise to promote the Bingo business?
 QUESTION 2: Is an organization which is licensed to conduct Bingo and also licensed to conduct a Lottery by the Sale or Pickle Cards permitted to use proceeds received from the pickle cards to help pay Bingo prizes and expenses?
CONCLUSION: No.
CONCLUSION: No.
Question 1: Section 9-701 (R.S. Supp. 1986) provides in part, "Any person engaged in a bona fide business with an established place of business in this state or, in the case of a foreign corporation, with an established place of business in another state may, solely for the purpose of business promotion and not for profit to such person, conduct a gift enterprise."
It is our opinion that it is implicit in this definition that the business being promoted must be that business of the person who has a bona fide business with an established place of business in this or another state. It would be a farce to say that so long as someone had an established place of business anywhere, he or she could conduct a gift enterprise to promote someone else's business. A landlord who leases premises to an organization licensed to conduct Bingo can legally have no interest in the operation of the Bingo parlor.
Section 9-247 (R.S. Supp. 1986) requires all leases of Bingo premises to be rented at a fixed monthly rate not subject to change during the term of the lease and prohibits a licensed organization from basing rental payments on a percentage of receipts or profits from the Bingo operation or on the number of persons participating in any Bingo occasion. Thus, the landlord who is other than the organization licensed to conduct the Bingo operation, can have no business interest in the Bingo operation and, therefore, could not conduct a gift enterprise as to that undertaking.
There is an additional reason why this would not be legal, in our opinion. This office, in opinion #87028, determined that a charitable organization was not a "business" within the meaning of the gift enterprize statute. Therefore, it could not conduct a gift enterprize for itself. Not only is it illogical to say that another entity could run a gift enterprize for a non-profit organization which can't run one for itself, there would be no "business," within the meaning of that term, being promoted. Question 2: Is an organization which is licensed to conduct Bingo and also licensed to conduct a Lottery by the Sale of Pickle Cards permitted to use proceeds received from the pickle cards to help pay Bingo prizes and expenses?
Section 9-347(1) (R.S. Supp. 1986) provides: "The gross proceeds of any lottery by the sale of pickle cards shall be used solely for lawful purposes, awarding of prizes, remission of taxes imposed under section 9-344, and allowable expenses."
Lawful purposes referred to in the above statute are described in § 9-309 (R.S. Supp. 1986). That section provides in part (1) `lawful purpose shall mean charitable or community betterment purposes, including, but not limited to, one or more of the following: . . . such as benefitting persons by enhancing their opportunity for religious or educational advancement, by relieving or protecting them from disease, suffering or distress, by assisting them by establishing themselves in life as worthy and useful citizens, etc.'" If the profits from a lottery by the sale of pickle cards were used to enhance the awarding of prizes in Bingo games there is no guarantee that the proceeds are being used for any of the purposes, or related purposes, such as described above. We therefore are of the opinion that it was not the intent of the legislature that allocation of the proceeds of one type of gambling license is a "lawful purpose" of that license when used to pay prizes under a different type of license.
As mentioned above part of the gross proceeds may also be used for awarding of prizes and allowable expenses. As pointed out in our opinion to you of March 2, 1987, Official Opinion #87028, concerning the awarding of Bingo prizes and allowable expenses, these terms refer only to awarding of prizes and allowable expenses referrable to the licensed game producing the gross proceeds in question; such proceeds may not be used to pay prizes and expenses of another gambling license operation. See opinion #87028.
Hoping this will be of assistance to you, we are very truly yours.
Sincerely,
ROBERT M. SPIRE Attorney General
Melvin K. Kammerlohr Senior Assistant